UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BENNY R. KNIGHT, JR.,

    Plaintiff,

        v.                                                 CAUSE NO. 3:22-CV-131-RLM-MGG

NEWMAN,

    Defendant.

OPINION AND ORDER

    Benny R. Knight, Jr., a prisoner without a lawyer, filed a complaint alleging he was left unconscious in his cell at the Miami Correctional Facility. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

    Mr. Knight alleges he blacked out and fell in his cell on May 14, 2021. He alleges Correctional Officer Newman found him unresponsive on the floor, but didn't call for medical assistance. The complaint doesn't explain when nor why he believes Officer Newman found him nor how she responded since he was unconscious at the time. He alleges when he awoke an hour later, he told officer Newman he had a back

injury, but she didn't call for medical assistance. Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005). This complaint, though somewhat ambiguous about how Mr. Knight knows what happened when he was unconscious, plausibly alleges Officer Newman was deliberately indifferent to a serious medical need.

Mr. Knight also sues four other defendants, but doesn't state a claim against them. He alleges Warden William Hyatte didn't properly train employees at the Miami Correctional Facility. He alleges Classification Director Jack Hendrix didn't properly train Warden Hyatte. Under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978), such claims can be brought against municipalities based on their policy, practice, or custom. Mr. Knight also sues Commissioner Robert Carter

2

alleging the Indiana Department of Correction is a municipality and its policies and practices violate his constitutional rights. It is unclear what policies and practices Mr. Knight means, but it is clear the neither the Indiana Department of Correction, Commissioner Carter Warden Hyatte, nor Director Hendrix are municipalities. The Indiana Department of Correction is a State agency, Robert Carter is its Commissioner, William Hyatt is the warden of a State prison, and Jack Hendrix is the classification director of a State agency. "[I]n the Eighth Amendment context, [*Monell* policy and practice] claims may only be maintained against a municipality." Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001) *citing* Farmer v. Brennan, 511 U.S. 825, 841 (1994). The complaint doesn't state a claim against these defendants.

Mr. Knight sues Medical Supervisor LeeAnn Ivers for denying him medical treatment. The complaint provides no description of when or how Supervisor Ivers had any role in his medical treatment. It gives no hint what she did or did not do which denied him medical treatment. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic v. Twombly 550 U.S.

3

at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). The complaint doesn't state a claim against Medical Supervisor LeeAnn Ivers.

For these reasons, the court:

(1) GRANTS Benny R. Knight, Jr., leave to proceed against Correctional Officer Newman in her individual capacity for compensatory and punitive damages for being deliberately indifferent to his serious medical need by leaving him unconscious on the floor of his cell for an hour and then not calling for medical assistance for his back injury on May 14, 2021, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES William Hyatte, Jack Hendrix, Robert Carter, and LeeAnn Ivers;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Correctional Officer Newman at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Correctional Officer Newman to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 8, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT