UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BENNY R. KNIGHT, JR.,

    Plaintiff,

    v.

NEWMAN,

    Defendant.

CAUSE NO. 3:22-CV-131-RLM-MGG

ORDER

    Benny R. Knight, Jr., a prisoner without a lawyer, filed an unsigned motion. Federal Rule of Civil Procedure 11(a) requires all filings be signed. Normally the court would require him to file a signed motion, but that's unnecessary. The motion asserts he can amend as a matter of course. That is correct: he can amend without leave of court because the motion was filed within 21 days of the filing of the answer as required by Federal Rule of Civil Procedure 15(a)(1)(B). The answer was filed on October 5, 2022. ECF 16. Because it was served by mail, Mr. Knight had an additional three days pursuant to Rule 6(d). Because that put the deadline on a Saturday, he had until the following Monday pursuant to Rule 6(a)(1)(C). The deadline was October 31, 2022, the day he signed the motion. The motion was unnecessary, but it will be granted. Stewart v. RCA Corp., 790 F.2d 624, 631 (7th Cir. 1986) ("[T]he district court was obliged to grant this unnecessary request.").

    The court must now screen the amended complaint pursuant to 28 U.S.C. § 1915A. Because the amended complaint makes only two non-substantive, technical changes, the earlier screening order need not be changed save for the date of the incident which is now alleged to have been May 5, 2021. As a result, it is unnecessary

for the defendant to file an amended answer. See Burton v. Ghosh, 961 F.3d 960, 962 (7th Cir. 2020). The current answer is the reply required by 42 U.S.C. § 1997e(g)(1).

For these reasons, the court:

(1) GRANTS the motion to amend (ECF 22);

(2) DIRECTS the clerk to separately docket the amended complaint (ECF 22-1);

(3) ADOPTS the screening order (ECF 11) of the original complaint (ECF 1) as the screening order of the amended complaint (ECF 22-1);

(4) AMENDS order line (1) of the screening order (ECF 11) to read:

GRANTS Benny R. Knight, Jr., leave to proceed against Correctional Officer Newman in her individual capacity for compensatory and punitive damages for being deliberately indifferent to his serious medical need by leaving him unconscious on the floor of his cell for an hour and then not calling for medical assistance for his back injury on May 5, 2021, in violation of the Eighth Amendment;

(5) DIRECTS the clerk to edit the docket for ECF 11 to reflect this amendment;

(6) FINDS that the previously filed answer constitutes the necessary reply under 42 U.S.C. § 1997e(g)(1); and

(7) REMINDS the defendant the deadline to file a Status Report and a summary judgment motion based on the exhaustion of administrative remedies remains **November 22, 2022**.

SO ORDERED on November 8, 2022

                                                  s/ Robert L. Miller, Jr.
                                                  JUDGE
                                                  UNITED STATES DISTRICT COURT