UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BENNY R. KNIGHT, JR., <br><br> Plaintiff, <br><br> v. <br><br> NEWMAN, <br><br> Defendant. | CAUSE NO. 3:22-CV-131-RLM-MGG |

OPINION AND ORDER

Benny R. Knight, Jr., a prisoner without a lawyer, is proceeding in this case "against Correctional Officer Newman in her individual capacity for compensatory and punitive damages for being deliberately indifferent to his serious medical need by leaving him unconscious on the floor of his cell for an hour and then not calling for medical assistance for his back injury on May 5, 2021, in violation of the Eighth Amendment[.]" ECF 25 at 2. Officer Newman filed a motion for summary judgment, arguing that Mr. Knight didn't exhaust his administrative remedies before filing this lawsuit. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light

most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion can't just merely on allegations or denials in its complaint, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." Trade Fin. Partners, LLC v. AAR Corp., 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court about prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).

Courts take a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002). A prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. Woodford v. Ngo, 548 U.S. 81, 102 (2006). The availability

of a remedy isn't a matter of what appears on paper but rather whether the process was actually available for the prisoner to pursue. Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006).

Officer Newman argues that Mr. Knight never submitted or tried to submit any grievance about Officer Newman's alleged conduct on May 5, 2021. Officer Newman provides an affidavit from the prison's Grievance Specialist, who attests that Mr. Knight has submitted only two grievances at Miami Correctional Facility, neither of which were related to his claim that Officer Newman was deliberately indifferent on May 5, 2021.

Mr. Knight concedes that he never exhausted any grievance, but argues that his administrative remedies were unavailable for several reasons.

First, Mr. Knight argues that the Grievance Specialist's attestation that he has only submitted two grievances at MCF is incorrect because he submitted a third grievance on September 30, 2020, which the grievance office rejected. Mr. Knight filed that grievance half a year before the May 2021, incident, and he doesn't allege or provide any evidence that the 2020 grievance is in any way relevant to his claim against Officer Newman.

Second, Mr. Knight argues that he tried to submit a grievance related to the May 2021, incident by requesting a grievance form on June 4, 2021, but he didn't receive the grievance form until June 17, 2021. But Mr. Knight's June 4, 2021, request for a grievance form already was untimely because more than ten days had passed since the May 5, 2021, incident. ECF 28-2 at 9 ("An offender wishing to submit

3

a grievance shall submit a completed State Form 45471, 'Offender Grievance,' no later than ten (10) business days from the date of the incident giving rise to the complaint or concern to the Offender Grievance Specialist."). Mr. Knight doesn't explain why he waited 30 days to request a grievance form. The grievance office's delay in providing Mr. Knight the grievance form had no impact on the availability of the Offender Grievance Process; his grievance would have been untimely regardless. More, Mr. Knight doesn't allege or provide any evidence he made any attempt to submit a grievance related to the May 2021, incident once he received a grievance form on June 17. Mr. Knight's grievance would have been untimely, but he could have requested a time limit extension to submit the grievance outside of the time frame. *Id.* at 14 ("If there are extenuating circumstances which caused the offender a delay in submitting the grievance form within the time frames, the offender must document and submit the reason for the delay on a separate piece of paper with signature and date, and include with the appropriate appeal form or make a request for the specific form to the Offender Grievance Specialist for review.)". Mr. Knight hasn't shown the grievance office's delay in sending him a grievance form made his administrative remedies unavailable.

Third, Mr. Knight argues that he requested grievance forms "on numerous occasions" from various members of prison staff and was told "I'll see if we have any" or "they won't come back." ECF 35 at 7. This assertion is too vague to create a genuine dispute regarding the availability of Mr. Knight's administrative remedies. *See* Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. 163, 315 F.3d 817, 822

4

(7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague, conclusory allegations"). Mr. Knight doesn't explain when he asked for these grievance forms from prison staff or allege that prison staff in any way prevented him from timely submitting a grievance after the May 2021, incident. The record indicates Mr. Knight first requested a grievance form on June 4, 2021, which fell outside of the time frame to timely grieve the May 5, 2021, incident.

Lastly, Mr. Knight argues and provides evidence that, "during the time of the instant case," MCF was experiencing long-term lockdowns, staffing problems, and a COVID-19 outbreak. ECF 35 at 7. But Mr. Knight doesn't explain how these conditions prevented him from submitting a timely grievance on this occasion.

Because Officer Newman has provided undisputed evidence that Mr. Knight didn't exhaust any grievance related to the May 5, 2021, incident, and Mr. Knight provides no evidence his administrative remedies were unavailable, Officer Newman has met his burden to show Mr. Knight didn't exhaust his available administrative remedies before filing this lawsuit. Summary judgment for Officer Newman is warranted.

For these reasons, the court:

(1) GRANTS Officer Newman's motion for summary judgment (ECF 28); AND
(2) DIRECTS the clerk to enter judgment in favor of Officer Newman and against Benny R. Knight, Jr., and to close this case.

SO ORDERED on June 1, 2023

                                            s/ Robert L. Miller, Jr.
                                            JUDGE
                                            UNITED STATES DISTRICT COURT